UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGEL GUTIERREZ MEDAL,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-09005-DAD-CSK (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 2)

On November 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion to appoint counsel (Doc. No. 3), and a motion for temporary restraining order seeking his immediate release from custody (Doc. No. 4). On November 3, 2026, the court set a briefing schedule on the pending motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

On November 4, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's order because petitioner has not yet requested an individualized bond determination under 8 U.S.C. § 1226(a). Respondents also argue that petitioner is, alternatively, subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). (*Id.* at 2–4.)

Based upon the parties' briefing, the court finds the following facts. Petitioner last arrived in the United States without admission, inspection, or parole on an unknown date and location. (*Id.* at 2.) On or about December 2, 2022, petitioner was encountered by immigration agents who enrolled him into an alternative to detention ("ATD") program and granted release. (*Id.*) On June 6, 2026, the U.S. Immigration & Customs Enforcement ("ICE") allegedly encountered petitioner at the Turner Guilford Knight Correctional Center in Miami-Dade County, Florida purportedly following petitioner's arrest for petit theft. (*Id.* at 8; 8-1 at 2.) In addition, respondent has presented evidence which purports to show that the underlying criminal charges against petitioner may remain pending and unresolved. (Doc. No. 8-1 at 12–14.) Although the record before the court indicates that the adjudication of the theft charge may have been withheld, there is no indication in the record that the charge has been dismissed. (*Id.)* Additionally, respondents have presented evidence that petitioner was charged with assault on a police officer. (*Id.* at 15–16.) It appears that these charges may have resulted in a conviction. (*Id.* at 16–18.) There is no indication that petitioner was provided with advance notice or a hearing before ICE re-detained him.[1]

The court finds that petitioner has not yet exhausted his administrative remedies with regard to respondent's determination that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he has not yet requested a bond redetermination hearing before an immigration judge or availed himself of such procedures to determine his custody. *See e.g.,*

[1] Respondent has not presented any evidence that petitioner received a custody determination form (Form I-286) or a Warrant for Arrest of Alien (Form I-200) from the Department of Homeland Security on the same day he was re-detained. (Doc. No. 8-1.)

*Matter of Joseph,* 22 I&N Dec. 799 (BIA 1999). The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Buckley v. Chestnut, et. al.,* No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his bond hearing remained pending. Here, there are outstanding factual issues that can best be resolved before an immigration judge during custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b).

As to petitioner's argument that his due process rights were violated when he was re-detained without notice or opportunity to be heard, the court finds that whether this argument has merit depends on whether petitioner is properly subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). Petitioner "cites no authority, nor is the Court aware of any, which would require ICE to provide an alien with notice and a hearing prior to detaining him pursuant to § 1226(c)." *Medina Soto v. Robbins*, No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal. Mar. 9, 2026). Therefore, the Court will deny petitioner's motion for temporary restraining order due to petitioner's failure at this time to make a showing that he is likely to succeed on his claim in this regard.

For the reasons stated above,

1. Petitioner's motion for temporary restraining order (Doc. No. 4) is DENIED without prejudice to the renewal by way of a motion for preliminary relief following a custody redetermination hearing; and
2. The pending petition for writ of habeas corpus (Doc. No. 1) is REFERRED to Magistrate Judge Chi Soo Kim for further proceedings.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE